UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JIANJING LU, on behalf of herself and all    :
persons similarly situated,    :
              Plaintiff,    :
    :    **MEMORANDUM**
v.    :    **OPINION AND ORDER**
    :
NAILS BY ANN, INC. d/b/a NAIL HOUSE;    :    15 CV 8906 (VB)
SUNG BYUN; MYONG HEE KIM; and JOHN    :
DOES #1-10,    :
              Defendants.    :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff JianJing Lu brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law, alleging, among other things, defendants maintained a policy and practice of failing to pay overtime compensation to their employees.

Before the Court is plaintiff's motion to conditionally certify this case as a collective action with respect to plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b).  (Doc. #16).

For the reasons set forth below, plaintiff's motion is GRANTED.

The Court also resolves a joint letter motion to adjourn the June 2, 2016, conference. That motion is DENIED.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

## BACKGROUND

The parties have submitted memoranda of law, sworn declarations,[1] and supporting exhibits, reflecting the following factual background.

---

[1]    Defendants submitted an unauthorized sur-reply memorandum of law and declaration (Doc. #22, 23), in violation of both Local Civil Rule 6.1(b) and paragraph 2(c) of this Court's Individual Practices.  Despite this, the Court has considered these materials and addresses them

Plaintiff worked as a nail technician at Nail House, a nail salon operated by defendant Nails by Ann, Inc., from about June 2009 until August 2015.  The complaint alleges defendants Sung Byun and Myong Hee Kim own and manage Nail House and were plaintiff's employers.

The FLSA requires an employee to be paid one-and-one-half times her regular wages for hours worked in excess of forty per week.  28 U.S.C. § 207(a)(1).  According to plaintiff's sworn declaration, throughout her employment, plaintiff typically worked nine and a half hours per day, for which she was always paid $75 per day.  However, plaintiff worked anywhere from four to six days (and thus between thirty-eight and fifty-seven hours) per week.  For this reason, plaintiff claims she was paid at the same rate, rather than a rate accounting for overtime, whether or not she worked over forty hours per week.

Plaintiff also claims it was and is defendants' policy to pay all their nail technicians a consistent daily rate.  Defendants' employment records and Kim's deposition testimony confirm this, though the rate differs depending on the employee.  Like plaintiff, these nail technicians often worked more than forty hours per week, but were paid the same daily rate whether or not they worked overtime hours.  Therefore, plaintiff claims defendants' policy of paying a daily rate to their nail technicians—regardless of the number of hours worked per week—violates the FLSA because it ensures the technicians are not paid time-and-a-half for overtime hours.

Plaintiff seeks to conditionally certify a collective action under Section 216(b) of the FLSA, covering defendants' employees who "at any time since October 16, 2012,[2] to the entry of judgment in this case . . . were non-exempt employees within the meaning of the FLSA, and

---

herein.  In the future, defense counsel is expected to adhere strictly to the Local Rule and the Court's Individual Practices.

[2]      Plaintiff filed this suit on October 16, 2015, so this date reflects the FLSA's statute of limitations.  See 29 U.S.C. § 255 (three-year period for cases "arising out of a willful violation").

who were not paid overtime compensation at rates at least one-and-one-half times the regular

rate of pay for hours worked in excess of forty hours per workweek." (Compl. ¶ 18).

Plaintiff claims there were typically six or seven technicians working at Nail House on

weekdays and up to nine on weekends. Plaintiff also claims there was significant turnover in the

employment of nail technicians. Plaintiff does not identify any of these nail technicians by

name, or know exactly how many such employees there have been since 2012.

## DISCUSSION

I.    <u>Legal Standard</u>

The FLSA permits plaintiffs to maintain an action "for and in behalf of . . . themselves

and other employees similarly situated." 29 U.S.C. § 216(b). The named plaintiffs must be

"similarly situated" to the proposed members of the collective action, and proposed members

must "opt in" by consenting in writing to be a party to the action. <u>Id</u>.

The Second Circuit has approved the two-step method used by district courts in this

Circuit to determine whether to conditionally certify a collective action under the FLSA. <u>Myers

v. Hertz Corp.</u>, 624 F.3d 537, 554-55 (2d Cir. 2010). "In the first step, the court examines the

pleadings and affidavits of the proposed collective action and determines whether the proposed

class members are 'similarly situated.' If they appear to be, the court 'conditionally certifies' the

class. Putative class members are given notice and the opportunity to 'opt in' and the action

proceeds as a representative action through discovery." <u>Masson v. Ecolab, Inc.</u>, 2005 WL

2000133, at *13 (S.D.N.Y. Aug. 17, 2005) (citations omitted); <u>see also Myers v. Hertz Corp.</u>,

624 F.3d at 555. The second step typically occurs after discovery has been completed. At that

time, defendants may move to decertify the collective action if discovery reveals the opt-in

plaintiffs are not, in fact, similarly situated. <u>Myers v. Hertz Corp.</u>, 624 F.3d at 555.

In FLSA collective actions, "district courts have broad discretion to grant certification, to allow discovery, and to regulate notice." Morales v. Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (internal quotation marks omitted).  At this early stage, "the threshold question for the Court is whether circumstances exist to warrant the exercise of this discretion or, in other words, whether plaintiffs have demonstrated that the potential class members are 'similarly situated' to them." Id.  Although the FLSA does not define "similarly situated," in this Circuit, plaintiffs meet their burden by making a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers v. Hertz Corp., 624 F.3d at 555 (internal quotation marks omitted).

Because "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist," id., "[t]he burden on plaintiffs is not a stringent one." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).  "At this initial stage, the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (internal quotation marks omitted).

II.   Conditional Certification

Here, plaintiff has met her burden for conditional certification.

Plaintiff's theory of liability is that defendants' policy—paying a daily rate regardless of hours worked per week—violates the FLSA's overtime provision.  According to plaintiff's sworn declaration, defendant Kim's deposition testimony confirming the policy existed, and the records reflecting daily pay rates for various employees, this policy applied to many of defendants' employees.  This suffices for a "modest factual showing that [plaintiff] and potential

4

opt-in plaintiffs together were victims of a common policy or plan that violated the law."[3]
Myers v. Hertz Corp., 624 F.3d at 555 (internal quotation marks omitted).

Defendants cite several cases, most from outside the Second Circuit, to argue plaintiff has not met this "modest factual showing."  None is binding on the Court.  Moreover, they are largely inapposite, because the plaintiffs in those cases either failed to show the existence of a common policy or plan, sought to certify an overly broad class, or failed to support allegations of "similarly situated" potential plaintiffs with evidence.  Plaintiff's motion does not suffer from any of these problems.

Defendants also argue plaintiff has failed to show the potential co-plaintiffs performed similar job duties, and therefore cannot show potential co-plaintiffs are similarly situated.

This is unpersuasive.  Defendants rely primarily on Pfohl v. Farmers Ins. Grp., 2004 WL 554834 (C.D. Cal. Mar. 1, 2004).  In Pfohl, job duties were relevant because plaintiff alleged he was misclassified as an independent contractor.  Id. at *8-9.  Plaintiff could not meet the "similarly situated" standard because he failed to submit evidence showing other potential co-plaintiffs' duties qualified them as employees rather than independent contractors.  Id.  By contrast, what unites plaintiff and the potential co-plaintiffs in this case is the policy determining their rates of pay.  Differences in job duties are irrelevant to plaintiff's theory of liability.[4]

Finally, defendants argue certification is inappropriate because they did not violate the FLSA.  Defendants argue (i) $75 for 9.5 hours is above the federal minimum wage; and (ii) plaintiff made additional tip income.  But plaintiff's claim is for unpaid overtime, not minimum

---

[3]    The Court makes no factual findings or legal determinations at this stage as to whether or not defendants or their payment policy actually violated the FLSA.  See Jackson v. Bloomberg, L.P., 298 F.R.D. at 158.

[4]    Other cases cited by defendants in support of this argument are similarly inapposite.

wage violations, and the impact of tips on plaintiff's income is a question of fact.  In any event, both arguments concern "substantial issues going to the ultimate merits," which do not factor into the Court's decision at this stage.  Jackson v. Bloomberg, L.P., 298 F.R.D. at 158.

Accordingly, conditional certification is warranted.

III.   Notice to Potential Plaintiffs

In addition to conditional certification, plaintiff moves for (i) authorization to send notice to all prospective members of the collective action; and (ii) an order directing defendants to produce the names and addresses of potential opt-in plaintiffs and post the notice to prospective members on the wall inside of Nail House.  Plaintiff submits a proposed Notice of Lawsuit and Opportunity to Join (Doc. #18-3, hereinafter "Notice") and Consent to Join Collective Action and Become a Party Plaintiff.  (Doc. #18-4, hereinafter "Consent").

Pursuant to 29 U.S.C. § 216(b), the Court has discretion both to order "discovery of the names and addresses" of potential plaintiffs and to authorize notice of this lawsuit to these people.  Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989).  Indeed, the Court has a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."  Id. at 170-71.

Defendants argue (i) notice is not warranted because plaintiff has failed to establish the existence of similarly situated potential plaintiffs; and (ii) notice should not be posted at Nail House because it would be "arbitrarily disruptive to business since employees at the Defendants' place of business . . . turn over fast."  (Defs.' Sur-reply Br. at 5).  Defendants do not address the substance of the proposed Notice and Consent forms.

Defendants' first argument fails because, by certifying this case as a collective action, the Court finds plaintiff has met her burden to show the existence of similarly situated plaintiffs.

6

Defendants' second argument is unpersuasive because the "disruptive" relationship between fast employee turnover and the presence of a notice on the wall is not at all evident.

Therefore, the Court exercises its "managerial responsibility," Hoffman-La Roche Inc. v. Sperling, 493 U.S. at 171, as follows:

1. Plaintiff's proposed Notice and Consent forms are approved;

2. By June 15, 2016, defendants shall post the Notice inside of Nail House in a place visible and accessible to all current employees; and

3. By July 1, 2016, defendants shall provide plaintiff with the names and last-known addresses of all current and former nail technicians who (i) have worked more than forty hours per week; and (ii) were paid a daily wage regardless of the number of hours worked in one week.

IV.   Status Conference

The parties jointly moved to adjourn the scheduled June 2, 2016, conference because the motion for conditional certification had not yet been decided.  (Doc. #24).  Because the motion has now been decided, the Court need not adjourn this conference.

**CONCLUSION**

Plaintiff's motion for conditional certification of a collective action is GRANTED.

The joint motion to adjourn the June 2, 2016, conference is DENIED.

The Clerk is directed to terminate the motions.  (Docs. ##16, 24).

Dated:  June 1, 2016
         White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

7