```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JIANJING LU,                                                  :
                    Plaintiff,                                :
                                                              :     OPINION AND ORDER
v.                                                            :
                                                              :     15 CV 8906 (VB)
NAILS BY ANN, INC. d/b/a NAIL HOUSE;                          :
SUNG BYUN; and MYONG HEE KIM;                                 :
                    Defendants.                               :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff JianJing Lu brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), claiming defendants Nails By Ann, Inc. d/b/a Nail House ("Nail House"), and Myong Hee Kim[1] failed to pay her the minimum and overtime wages, and failed to provide required wage notices and statements.

Before the Court is plaintiff's motion for summary judgment regarding her unpaid overtime claim and her claims for failure to provide wage notices and statements. (Doc. #37).

For the reasons set forth below, plaintiff's motion is GRANTED.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

## BACKGROUND

Plaintiff submitted a statement of undisputed material facts as required by Local Civil Rule 56.1 ("SOF"), and a declaration ("Decl.") with supporting exhibits. Defendants did not submit a response to the SOF, or any evidence in response to the SOF. See Local Rule 56.1(b) ("papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party").

---

[1] Plaintiff is no longer pursuing claims against the other named defendant, Sung Byun. (Pl.'s Br. at 1 n.1). The claim against Sung Byun is dismissed.

1

Because defendants failed to respond to plaintiff's SOF, pursuant to Local Rule 56.1(c), the Court deems established the facts asserted in the SOF.  See T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 417–18 (2d Cir. 2009).  Plaintiff's submissions establish the following factual background.

Plaintiff worked as a nail technician at defendants' Larchmont, New York, nail salon, Nail House, from December 2008 to August 2015.  Defendant Myong Hee Kim was at all relevant times the owner and principal of Nail House, and was the only person with authority "to hire and fire employees" and to "set wages and schedules, and maintain employee records."  (SOF ¶ 4).

On days plaintiff worked, she did so for nine hours, with the exception of Sundays, when she worked six and one-half hours.  During her employment at Nail House, there were many weeks she worked more than five days and more than forty hours.[2]  Defendants paid plaintiff a fixed rate of $75 per day in cash, regardless of how many hours she worked that day or week.  Defendants did not provide plaintiff paystubs or any wage statements and did not provide plaintiff notices describing her compensation at any time.  At all times during plaintiff's employment, "Defendant Myong Hee Kim did not know anything about wage and hour laws or minimum wages, . . . had never heard of the minimum wage or overtime," and "did not do any research regarding the laws about paying employees."  (SOF ¶¶ 38–39).

---

[2]   There is no dispute about which weeks plaintiff worked more than forty hours or how many hours she worked those weeks, with one exception.  The parties dispute whether plaintiff received a daily half-hour break.  However, for the purposes of this motion, plaintiff concedes the shorter workday.  (SOF ¶ 19 n.6).

**DISCUSSION**

I.   <u>Legal Standard</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." <u>Wilson v. Nw. Mut. Ins. Co.</u>, 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. <u>Zalaski v. City of Bridgeport Police Dep't</u>, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 249-50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." <u>Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The "mere existence of a scintilla of evidence in support" of the non-moving party's position is

likewise insufficient; "there must be evidence on which the jury could reasonably find" for him. Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Unpaid Overtime Claims

Plaintiff argues she is entitled to summary judgment on her FLSA and NYLL unpaid overtime claims, and that she is entitled to liquidated damages under both laws and prejudgment interest under the NYLL. The Court addresses only the NYLL claim because plaintiff is entitled to summary judgment on that claim (as well as liquidated damages and prejudgment interest), and she concedes that summary judgment on the FLSA unpaid overtime claim would not increase her recovery. Moreover, the FLSA claim would require additional and more complex analysis, which is unnecessary under these circumstances.

A.      Liability and Compensatory Damages

Under New York law, "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided" by the FLSA, subject to various exceptions inapplicable here. 12 N.Y.C.R.R. § 142-2.2.

It is undisputed plaintiff worked at Nail House in excess of forty hours during many weeks and defendants did not pay her time-and-a-half for the excess hours. (SOF ¶¶ 21–24, 29).

Defendants' only comprehensible argument in response is that "Plaintiff worked for the Defendants based on the tacit understanding that if she made up days that she missed during some weeks by working additional days during other weeks, the number of hours she worked <u>per week</u> would eventually average out to the full set of Plaintiff's full-time hours," such that defendants did not need to pay plaintiff time-and-a-half. (Defs.' Opp'n at 6).

Defendants' argument essentially admits liability.

The NYLL and FLSA do not permit an employer to average an employee's hours over multiple weeks. The law is clear with respect to employees paid on a per-day basis:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if [she] receives no other form of compensation for services, [her] regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. [She] is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112.

Accordingly, plaintiff is entitled to summary judgment regarding defendants' liability for her NYLL unpaid overtime claim.[3]

B. <u>Liquidated Damages</u>

"Under both the FLSA and NYLL, plaintiffs are entitled to liquidated damages if they have been denied appropriate minimum wages or overtime." <u>Galeana v. Lemongrass on Broadway Corp.</u>, 120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014) (citing 29 U.S.C. §§ 216(b), 260; NYLL §§ 198(1–a), 663(1)). An employer who violates the overtime wage provisions is liable

---

[3] The undisputed damages for this claim are $4,524.38. (Stein Decl., Ex. F (calculating damages); 29 C.F.R. § 778.112).

5

for "the payment of wages lost and an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), unless it shows that it acted in "good faith and that [it] had reasonable grounds for believing that [the] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260.[4] Thus, to avoid liquidated damages based on "good faith, the employer must take active steps to ascertain the dictates of the [labor laws] and then act to comply with them." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999).

Defendants assert three arguments in response.

First, defendants argue "Plaintiff has failed to establish that Defendants willfully—that is knowingly, deliberately, or recklessly, not as a case of mere negligence—violated the overtime provisions of the FLSA or the NYLL." (Defs.' Opp'n at 7). However, as explained above, it is defendants' burden to demonstrate its own good faith, not plaintiff's burden to show bad faith.

Second, defendants argue their "accountant stands ready to provide testimony" on the issue of defendants' willful conduct. (Defs.' Opp'n at 8). That may be true, but on a summary judgment motion, the Court rules based on the evidence before it, and there is no record testimony from defendants' accountant or any justification for the absence of that evidence from the record. Fed. R. Civ. P. 56(c), (d).

Third, defendants argue that based on various cultural, linguistic, and educational difficulties, they could not commit a willful violation. This argument is devoid of any citation to the law or the record. Instead, the record shows defendants failed to comply with the NYLL

---

[4] Beginning on November 24, 2009, the standard for good faith under the NYLL became substantially the same as the standard for good faith under the FLSA. See, e.g., Inclan v. N..T. Hosp. Grp., 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015) (citing 2009 N.Y. Laws ch. 372 § 1, amending NYLL § 198(1–a); 2009 N.Y. Laws ch. 372 § 3, amending NYLL § 663(1)).

regarding overtime wages and that they did not know about or do any research regarding the various wage-and-hour laws to which they were subject.

In short, there is no evidence of defendants' good faith, and thus summary judgment in plaintiff's favor as to liquidated damages is warranted.[5]

    C.    Prejudgment Interest

Under New York law, plaintiff is also entitled to prejudgment interest on her NYLL unpaid wages claim. See, e.g., Reilly v. Natwest Markets Grp., 181 F.3d 253, 265 (2d Cir. 1999) (citing N.Y.C.P.L.R. § 5001(a)).

III.    Wage Notice and Wage Statement Violations

Plaintiff asserts claims for wage notice violations under NYLL Section 195(1) and wage statement violations under NYLL Section 195(3).

Between April 9, 2011, and February 27, 2015, Section 195(1) required employers to provide wage notices containing various employment and compensation disclosures to employees by February 1 each year. See, e.g., Cabrera v. 1560 Chirp Corp., 2017 WL 1289349, at *6 (S.D.N.Y. Mar. 6, 2017), report and recommendation adopted, 2017 WL 1314123 (S.D.N.Y. Apr. 6, 2017). Statutory damages for Section 195(1) violations at that time allowed the employees to recover $50 per work week, with a maximum recovery of $2,500. See, e.g., id.

There are no issues of material fact that defendants did not provide plaintiff with the required wage notices (SOF ¶ 37) and that plaintiff worked more than fifty weeks during the

---

[5] It is uncontested that the amount of liquidated damages to which plaintiff is entitled is $3,912.62. (Stein Decl., Ex. F). For violations between November 23, 2009, and April 8, 2011, liquidated damages are twenty-five percent of unpaid wages; on April 9, 2011, the liquidated damages calculation increased to one hundred percent. See Leevson v. Aqualife USA, Inc., 183 F. Supp. 3d 397, 407–08 (E.D.N.Y. 2016).

7

relevant time period (SOF ¶¶ 21–25), entitling her to the maximum statutory damages of $2,500 for her wage notice violation claim.

Similarly, beginning April 9, 2011, Section 195(3) required employers to provide employees with wage statements containing various information about the employer, the employment, and compensation. Since February 27, 2015, the statutory damages for violating Section 195(3) are $250 for each work day of the violation, with a maximum recovery of $5,000. See, e.g., Cabrera v. 1560 Chirp Corp., 2017 WL 1289349, at *6.

There are no material issues of fact that defendants violated NYLL Section 195(3) by not providing plaintiff with wage statements with her pay (SOF ¶ 32) and that plaintiff worked twenty days while such violations were occurring (SOF ¶¶ 21–25), entitling her to the maximum statutory damages of $5,000 for her wage statement violation claim.

IV.  Attorney's Fees and Costs

"Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the . . . NYLL." Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (citing NYLL §§ 198(1-a), 663(1)) (summary order). Plaintiff clearly prevailed here, where she has won summary judgment on "significant issue[s] . . . which achieves some of the benefit [she] sought in bringing suit." Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009).

Accordingly, plaintiff is entitled to reasonable attorney's fees and costs.

**CONCLUSION**

Plaintiff's motion for summary judgment is GRANTED.

By September 19, 2017, plaintiff shall submit (i) her properly documented application for attorney's fees and costs, and (ii) a proposed judgment, leaving a blank space for the amount of attorney's fees and costs. By October 3, 2017, defendants' shall submit their opposition, if any, to the application for attorney's fees and costs, and a counter-proposed judgment, if any.

The Clerk is instructed to terminate the motion. (Doc. #37).

The Clerk is further instructed to terminate defendant Sung Byun.

Dated: September 1, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge